# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| QUINN KADI FLANAGAN | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-430 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on September 22, 2011, claiming entitlement to disability benefits due to the impairments of Chron's disease, migraine headaches, and stomach pain. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on January 8, 2013. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff, a medical expert, Steven S. Goldstein, and a vocational expert, Juanita M. Grant, testified.

On February 11, 2013, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on April 30, 2014.

1

Therefore, the February 11, 2013 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since September 22, 2011, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: inflammatory bowel disease, migraine headaches, complications of bypass surgery, chronic pain (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(a), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 416.967(b) [lift and/or carry 20 pounds occasionally, and 10 pounds frequently]. She can sit, stand and/or walk for 6 hours in an 8-hour workday. She is not limited in pushing and/or pulling with her upper or lower extremities. She can frequently do postural activities and occasionally climb ladders, ropes, or scaffolds, kneel and crawl. She has no manipulative, visual, communicative or environmental limitations.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on December 18, 1984 and was 26 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, from September 22, 2011, through the date of this decision (20 CFR 416.920(g)).

(Tr. 15-21).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520© (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## **ANALYSIS**

Plaintiff first contends that the ALJ failed to properly consider her somatization disorder in the step two, three, credibility and RFC findings. The Social Security Administration defines somatoform disorders as "physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms." 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.07. The defining characteristic of such disorders is the manifestation of physical symptoms without determinable physiologic causes. *See Scott v. Shalala,* 43 F.3d 669, 1994 WL 725034, at *4 (5th Cir. 1994); *Rhodes v. Astrue,* 2011 WL 3820983, at *7 (N.D.Tex. 2011).

As noted by the ALJ, most of Plaintiff's complaints are medical, not psychological. She has been treated for obesity and Crohn's disease and has had a number of abdominal procedures for a variety of complaints. Plaintiff argues that on several occasions she was diagnosed with somatization. As Dr. Cohen frequently noted, she is alert and oriented. Her affect is appropriate and memory and concentration are grossly intact (Tr. 292). He notes that her mood is stable (Tr. 294), (Tr. 295), (Tr. 299), (Tr. 301). Several references in Dr. Cohen's notes indicate that she was referred

5

to a psychotherapist but chose not to consult her.

The ALJ discussed Dr. Cohen's report at length. In fact, Dr. Cohen's list of diagnosed conditions does not include somatoform disorder. He only lists the condition along with depression and anxiety as affecting her pain. As the Commissioner concedes, the ALJ did not specifically mention somatoform disorder. However, the Court finds that the ALJ did not need to do so.

The ALJ noted the medical evidence of record recording Plaintiff's numerous abdominal medical procedures from which she has not fully recovered (Tr. 17). The ALJ also discussed at length her multiple procedures (Tr.18). The ALJ also noted that medications had been relatively effective in controlling her symptoms (Tr. 19).

Proper focus of a disability determination is not on the diagnosis, but on the resulting functional limitations. *See Barajas v. Heckler*, 738 F.2d 162,165 (5th Cir. 1983). The claimant must show that she has functional limitations that precluded her from engaging in any substantial activity. *Id*. Although Plaintiff insists that Dr. Cohen diagnosed her with somatoform disorder early on in her treatment, the records do not indicate significant abnormal mental findings (*See* Tr. 299, 301, 302, 967, 969, 971, 1003, 1006, 1007-08, 1009, 1011, 1013, 1015, 1017, 1019, 1023, 1025, 1027, 1028, 1030, 1032, 1034).

The State Agency examiners noted that Plaintiff's depression and anxiety did not cause moderate or more extreme findings in any of the paragraph B listings (Tr. 621). The ALJ found, after reviewing the evidence, that Plaintiff did not have an impairment that met or equaled an impairment found in the Appendix I Listing of Impairments (Tr. 15-16). Yet, as noted, the burden is still on Plaintiff to show that she meets a listing. Listing 12.07 requires her to prove in part, that

she has at least two of the following "marked" restriction of activities of daily living, difficulties in maintaining social functioning; difficulties in maintaining concentration, persistence or pace or repeated episodes of decompensation, each of extended duration. *See* 20 C.F.R. Part 404 , Supt P., App.1, Listing 12.07. There is nothing in Dr. Cohen's treatment notes to support this.

As to credibility, the ALJ's decision is entitled to deference. *Villa v. Sullivan*, 895 F.2d 1019,1024 (5th Cir. 1990). The ALJ reviewed the medical evidence of record and noted that Plaintiff's alleged limited daily activities could not be objectively verified with any reasonable degree of certainty. He also noted the weak medical evidence supporting her claim and the fact that she has no work history. The first point of error should be overruled.

Plaintiff's second point of error is that the ALJ rejected the opinion of Dr. Cohen, particularly the submitted questionnaire (Tr. 975). The ALJ found that the doctor relied on Plaintiff's exaggerated complaints in completing the questionnaire. Dr. Cohen stated that Plaintiff was unable to function in the home without assistance (Tr. 977). Yet, in his treatment notes, he wrote that she had trouble with her medication patches while taking a shower (Tr. 967). Dr. Cohen said that she was unable to care for herself. However, her medical report at Southwestern Medical Center notes that she is able to care for her needs with occasional assistance (Tr. 876). As previously noted, Dr. Cohen's assessment of her mental status does not reflect what is in his office notes.

It is the Commissioner's responsibility to determine a claimant's RFC and whether the claimant is disabled. *See* 20 C.F.R. § 416.927(d)(2); Social Security Ruling (SSR) 96-5p, 1996 WL 374183; *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). Medical opinions on issues reserved to the Commissioner are not entitled to "any special significance." *Frank v. Barnhart*, 326 F.3d 618,

620 (5th Cir. 2003); 20 C.F.R. § 416.927(d)(3); SSR 96-5p, 1996 WL 374183, at *2. Moreover, treating physician opinions are not conclusive. *See Brown v. Apfel*, 192 F.3d 492 at 496 (5th Cir. 1999); *see also Greenspan*, 38 F.3d at 237. Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton v. Apfel*, 209 F.3d 448, 455-456 (5th Cir. 2000); *see also Brown*, 192 F.3d at 500. An ALJ is free to reject the medical opinion of any physician when the evidence supports a contrary conclusion. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981). The ALJ is thus not bound by Dr. Cohen's opinion and discounted his opinion for good cause.

The ALJ decided to give little weight to Dr. Cohen's opinion, because he found that Dr. Cohen relied heavily on Plaintiff's subjective reports of symptoms and limitations (Tr. 19). As noted above, Dr. Cohen's contemporaneous treatment notes repeatedly document normal mental status examination findings (Tr. 292-303, 507-22, 967-72, 1003-34). Again, these records show that Dr. Cohen consistently observed that Plaintiff was alert and fully oriented, with normal speech and behavior, intact memory and concentration, normal thought processes, and good insight and judgment. The disconnect in between Dr. Cohen's restrictive questionnaire answers and what his examination findings actually show support the ALJ's reasons for questioning the reliability of Dr. Cohen's opinion.

The ALJ further commented that Dr. Cohen seemed to uncritically accept as true most, if not all, of what Plaintiff reported (Tr. 19). A claimant's statements of symptoms alone are not enough to establish an impairment. *See* 20 C.F.R. §§ 416.908, 416.928(a). In addition, a statement of

symptoms is not conclusive evidence of disability. *See* 42 U.S.C. § 1382c(a)(3)(H) (applying provisions of determining disability under Title II, 42 U.S.C. § 423(d)(5), to determinations of disability under Title XVI). "The evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ, who has had an opportunity to observe whether the person seems to be disabled." *Loya v. Heckler*, 707 F.2d 211, 215 (5th Cir. 1983) (citing *Laffoon v. Califano*, 558 F.2d 253, 255 (5th Cir. 1977)). The ALJ, therefore, properly discounted Dr. Cohen's opinion as unsupported by objective evidence.

Finally, the ALJ stated that he gave greater weight to the opinions of the State agency's medical experts regarding the severity of Plaintiff's mental impairments and RFC (Tr. 20). Specifically, two State agency medical consultants – John Ferguson, Ph.D., and Veena Ghai, M.D., – reviewed the medical records and opined that Plaintiff's mental impairments were not severe (Tr. 611-24, 634).

Plaintiff argues that the ALJ erred in giving more weight to the State agency medical consultants than to her treating physician, Dr. Cohen. *See* Pl. Br. at 13. However, State agency medical consultants are Social Security experts whose opinions must be treated as expert opinion evidence. SSR 96-6p, 1996 WL 374180, at *1-2. The ALJ is entitled to determine the credibility of medical experts and weigh their opinions accordingly. *Greenspan*, 38 F.3d at 237; *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985). Moreover, conflicts in the evidence are for the ALJ, not the courts, to resolve. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); The ALJ reviewed the record in its entirety and, within his discretion, decided not to give significant weight to Dr. Cohen's July 2012 questionnaire (Tr. 19-20). The ALJ meticulously explained his reasons for doing so, and

the record supports the ALJ's determination (Tr. 19-20). Plaintiff's second point of error should be overruled.

## **RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 5th day of February, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE