# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| QUINN KADI FLANAGAN, § | | |
|  Plaintiff § | | |
| § | | |
| V. § | | |
| § | CASE NO. 4:14CV430 | |
| COMMISSIONER OF SOCIAL § | Judge Mazzant/Judge Bush | |
| SECURITY ADMINISTRATION, § | | |
|  Defendant § | | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On February 5, 2016, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that the decision of the Administrative Law Judge ("ALJ") be AFFIRMED.

On February 19, 2016, Plaintiff filed objections to the Magistrate Judge's report (*see* Dkt. #16), objecting to his recommendation to affirm the ALJ decision.

The Court has made a *de novo* review of the objections raised by Plaintiff and is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit as to the ultimate findings of the Magistrate Judge.

Plaintiff's objections are primarily rooted in her contention that the Magistrate Judge erred in his analysis of the ALJ's consideration of Plaintiff's somatization disorder. Plaintiff first contends that the ALJ failed to properly evaluate her somatoform disorder in the step two, step three, credibility, and RFC findings of the sequential evaluation process. Dkt. #16 at 2. Plaintiff asserts that, because the Magistrate Judge noted the lack of significant abnormal mental findings

1

in Plaintiff's treatment records, he failed to consider the physical symptomology associated with somatoform disorder. *Id*. However, this misstates the Magistrate Judge's findings.

The Magistrate Judge noted that the defining characteristic of somatoform disorders is the manifestation of physical symptoms without determinable physiologic cause. *See Scott v. Shalala*, 43 F.3d 669, 1994 WL 725034, at *4 (5th Cir. 1994); *Rhodes v. Astrue*, 2011 WL 3820983, at *7 (N.D.Tex. 2011). He then noted the ALJ's finding that most of Plaintiff's complaints are medical, not psychological. In so doing, the Magistrate Judge noted that the ALJ discussed the medical evidence of Plaintiff's numerous abdominal procedures, her difficult recovery, and the medications used to control her symptoms. He also noted that the ALJ discussed the report of Plaintiff's treating physician, Dr. Howard Cohen, at length and that although somatoform disorder was listed as a condition affecting her pain (along with depression and anxiety), it was not listed as a diagnosed condition. *See* Dkt. #15 at 5-6. As the Magistrate Judge correctly found, the ALJ's credibility finding is supported by the record and thus is entitled to deference. The court finds no error in the Magistrate Judge's analysis of the ALJ's findings with regard to Plaintiff's somatoform disorder.

Plaintiff next objects that the ALJ improperly rejected the opinion of her treating physician, Dr. Cohen. While the opinion of a treating physician familiar with a claimant's medical condition is ordinarily given considerable weight, the ALJ is free to assign little or no weight to the opinion of any physician for good cause. *Perez v. Barnhart*, 415 F.3d 457, 466 (5th Cir. 2005). Recognized "good cause" exceptions include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. *Id*. (internal citations and quotations omitted).

Here, the Magistrate Judge noted that the ALJ's decision to give little weight to Dr. Cohen's opinion was supported by Dr. Cohen's heavy reliance on Plaintiff's subjective reports of her symptoms and limitations and a disconnect between Dr. Cohen's restrictive questionnaire answers and his examination findings. *See* Dkt. #15 at 8-9. Additionally, as the Magistrate Judge properly found, the ALJ is entitled to determine the credibility of medical experts and weigh their opinions accordingly. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). The ALJ is also free to give greater weight to the State agency medical consultants than to Dr. Cohen, and any conflicts in the evidence are for the ALJ, not the courts, to resolve. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

As the Magistrate Judge noted, the ALJ meticulously explained his reasons for the weight assigned to Dr. Cohen's opinion, as well as those of the State agency medical consultants. Accordingly, the Court finds no error in the Magistrate Judge's finding that the record supports the ALJ's determination regarding the weight assigned to the medical opinions. The Court thus finds no merit to Plaintiff's objections.

Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court.

It is therefore ORDERED that the decision of the Administrative Law Judge is AFFIRMED.

**It is SO ORDERED.**
**SIGNED this 16th day of March, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE